FILED
APR 13 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADA GONZALES,

   900 North Stafford Street
   No. 2005
   Arlington, VA 22203

   Plaintiff,

v.

ALBERTO GONZALES,
Attorney General of the United States,

   950 Pennsylvania Avenue, N.W.,
   Washington, DC 20530

   Defendant.

Case: 1:07-cv-00676
Assigned To : Friedman, Paul L.
Assign. Date : 4/13/2007
Description: GONZALES v. GONZALES

## COMPLAINT
(Retaliation in Federal Employment)

Ada Gonzales hereby sues Alberto Gonzales, Attorney General of the United States, for retaliation for engaging in protected equal employment opportunity activity in federal employment.

### Jurisdiction

1. This Court has jurisdiction over this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

## Venue

2. Venue properly lies in this Court under 28 U.S.C. § 1391(e)(2) and 42 U.S.C. § 2000e-5(f). The plaintiff was employed in this district, and the discriminatory and retaliatory acts occurred in this district.

## Exhaustion of Administrative Remedies

3. Plaintiff has exhausted her administrative remedies prior to filing this law suit. Plaintiff filed an administrative formal complaint of discrimination with her agency and litigated that complaint before the Equal Employment Opportunity Commission. The Commission issued its final decision on January 10, 2007, and Plaintiff has filed this suit less than 90 days from her receipt of that decision..

## Parties

4. Plaintiff Ada Gonzales, an Hispanic female, is a citizen of the United States and a resident of the Commonwealth of Virginia. At all times relevant to this suit, she was employed with the Office of the Comptroller, Office of Justice Programs, United States Department of Justice.

5. Defendant is the Attorney General of the United States. He is sued in his official capacity only.

## Factual Basis of the Complaint

6. At the time of the events giving rise to this complaint, Plaintiff worked as a Branch Manager in the Office of the Comptroller. In February 2002, Plaintiff filed an EEO complaint

alleging, inter alia, that she had been subjected to a hostile work environment by her immediate supervisor because of her race and sex.

7. In June 2002, Plaintiff filed an application for promotion to the GS-15 position of Director or the Training and Policy Division within the Office of the Comptroller. Plaintiff was placed on the best-qualified list but was not selected for the position. Instead, the Comptroller, who was aware of Plaintiff's prior protected activity, selected a candidate with demonstrably lesser credentials, training and experience. Moreover, in violation of the Defendant's own guidelines, the Comptroller interviewed the selectee but did not interview Plaintiff.

8. Defendant's stated rationale for not selecting Plaintiff shifted over time. At one point, the Comptroller asserted that she preferred the selectee because over Plaintiff because the selectee had a Masters Degree in Business Administration. In fact, however, the selectee had no such degree. Rather, Plaintiff has an MBA. At another point, the Comptroller claims that she passed over Plaintiff because at one point she had denied a subordinate's request for annual leave. Finally, the Comptroller asserted vague and subjective claims that the selectee was more "coachable" than Plaintiff and that the selectee had received "good feedback from her supervisor." The selectee, however, had never filed a harassment and hostile work environmentclaim against her supervisor.

9. Defendant's stated reasons for not selecting Plaintiff are not the true reasons for its actions but instead are a pretext to hide its discriminatory animus. Plaintiff was demonstrably better qualified for the position than the selectee in terms of experience, training and education.

10. The Defendant's conduct, as specified above, violates Title VII in that Defendant retaliated against Plaintiff in the terms and conditions of her employment because of her previously having engaged in protected equal employment opportunity activity. Because of this

violation, Plaintiff has suffered economic injury in that she was denied a promotion and thus lost pay and other benefits. Because of this unlawful retaliation by the Defendant, Plaintiff has suffered and continues to suffer emotional and mental distress, anguish, humiliation, and loss of reputation, all of which have diminished her enjoyment of life and caused her other pain and suffering.

### Count One
(Retaliation for Engaging in Protected Activity)

11. The foregoing paragraphs are realleged and incorporated by reference here.

12. Defendant's conduct as alleged above constitutes reprisal against Plaintiff because she engaged in activity protected by Title VII. The stated reasons for Plaintiff's non-selection were not the true reasons, but instead were pretexts to hide defendant's retaliatory animus.

### Relief Requested.

WHEREFORE, Plaintiff requests that the Court award her:

1) A retroactive promotion to the GS-15 level, with all attendant back pay, interest, benefits and other emoluments of employment;

2) compensatory damages in an amount sufficient to compensate for the pecuniary and non-pecuniary injuries she has suffered such as but not limited to emotional distress and pain and suffering;

3) costs and reasonable attorneys' fees incurred in connection with this lawsuit and the underlying administrative proceedings, and

4) such other damages and relief as is deemed just.

## JURY DEMAND

Plaintiff requests trial by jury.

                                                   */s/ Cathy Harris*
Michael J. Kator
(Bar No. 366936)
Cathy A. Harris
(Bar No. 467206)
KATOR, PARKS & WEISER, PLLC
1020 19th Street, N.W.
Suite 350
Washington, D.C. 20036
(202) 898-4800

Attorneys for Plaintiff