UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADA GONZALES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL B. MUKASEY )<br>   Attorney General )<br>   of the United States, )<br>)<br>Defendant. )<br>) | Civil Action No. 07–0676 (PLF) |

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE

Pursuant to Local Rule 7.1, Plaintiff hereby responds to Defendant's Statement of Material Facts Not in Dispute indicating which facts are in dispute and providing information to support those facts which are in dispute.

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Dispute. While it may be true that Plaintiff received a cash award in June 2002, Plaintiff received that award along with the team supervisor who reported to Plaintiff and the other branch manager. All three awards were all recommended by Travis McCrory and approved by Cynthia Schwimer. Ex. 1 at 5-6 (ROI Tab D-2: Travis McCrory's Responses to the EEO Investigator).

6. Admit.

7. Admit.

8. Admit.

9. Dispute. Schwimer knew that Plaintiff was out of the office on medical leave, but did not verify that Plaintiff received the message. Schwimer was copied on the email that Smythe sent to Plaintiff and knowing full well that Plaintiff would not be checking her work email while out of the office took no further steps to inform Plaintiff of the vacancy announcement. Ex. 2 (Smythe email and receipt).

10. Dispute. Plaintiff was on medical leave from April through June 24, 2002. She was notified of the vacancy announcement by a colleague from the office. Smythe's email was sent to Plaintiff's work email and was not received by Plaintiff until she returned from leave on June 24, 2002, after the vacancy announcement closed. The telephone message that Smythe reportedly left for Plaintiff was never received. Symthe asserts that the message was left with Plaintiff's daughter, but there is no record of this and Plaintiff has no knowledge of the call. Ex. 3 at 69-70 (EEO Deposition of Plaintiff, dated February 10, 2004); Ex. 4 at 74 (Deposition of Plaintiff, dated June 2, 2008).

11. Dispute. While Plaintiff's application packet was timely, Plaintiff was absent from the office on medical leave during the entire length of the vacancy announcement. Thus, Plaintiff had difficulty compiling the packet from outside the office and was only able to complete her application packet with the assistance of some of her colleagues. Ex. 4 at 41-42.

12. Admit.

13. Admit.

14. Admit.

15. Dispute. While Schwimer did select Joanne Suttington for the position, she gave her preferential treatment in hiring. Suttington was interviewed for the position in June 2002, prior to Schwimer receiving the eligible candidate list. Ex. 5 at 24-26 (EEO Deposition of Joanne Suttington, dated February 12, 2004). Suttington's name also appeared on an SF-52 which was signed and dated by Schwimer on June 9, 2002. Ex. 6 (SF-52: Request for Personnel Action).

16. Admit.

17. Admit.

18. Dispute. Indeed, Plaintiff was not selected for the director position in 2000, but neither were any of the other applicants that were certified as eligible and interviewed by Schwimer and a panel of recommending officials. Schwimer instead by-passed the process and laterally transferred Travis McCrory into the position from another director position within OJP. Ex. 7 at 20-21 (Deposition of Cynthia Schwimer, dated July 17, 2008).

19. Dispute. While Plaintiff does not know Schwimer ever to have commented, derogatorily or otherwise (to Plaintiff or anyone else) about the fact that Plaintiff had filed an EEO claim, Ex. 3 at 86-87, Schwimer was aware that Plaintiff had filed the EEO claim before Plaintiff became a candidate for the TPD Director position. Since the EEO claim was against the Department of Justice including the OJP Comptroller Schwimer, she should have recused herself before becoming

the sole selecting official for the TPD director position. The process for filling this TPD Director position in July 2002 was significantly different in that a panel of three officials was the search panel for the ultimate selection of candidates in September 2000. See Ex. 8 at 22-23 (EEO Deposition of Cynthia Schwimer, dated March 16, 2005). In the June 2002 TPD Director search Schwimer served as the sole selecting official even after the EEO claim had been filed by one of the candidates. Ex. 8 at 19-20.

                        Respectfully submitted,

                        ____/s/_____
                        Michael J. Kator
                        (Bar No. 366936)
                        Cathy A. Harris
                        (Bar No. 467206)
                        KATOR, PARKS & WEISER, PLLC
                        1200 18th Street, N.W.
                        Suite 1000
                        Washington, D.C. 20036
                        (202) 898-4800

                        Attorneys for Plaintiff